IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

REBECCA ELLISON                                        PLAINTIFF

V.                              NO. 12-5116

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Rebecca Ellison, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her applications for DIB and SSI on October 16, 2009, alleging disability since April 8, 2008, due to "Enlarged heart, curved spine, asthma, knee pain, fatigue." (Tr. 116-121, 146-147, 151). An administrative hearing was held on July 13, 2010, at which Plaintiff appeared with counsel, and she and her friend testified. (Tr. 22-42).

By written decision dated October 25, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe -

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

AO72A
(Rev. 8/82)

osteoarthritis, asthma, right knee pain status post arthroscopic surgery, and scoliosis. (Tr. 11). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations, the work should require only occasional lifting and carrying of objects weighing up to 20 pounds, and frequent lifting and carrying of objects weighing up to 10 pounds; the work should require sitting for no more than 6 hours out of an 8 hour workday; the work should require standing and/or walking for no more than 6 hours out of an 8 hour workday; the work should require only occasional climbing, balancing, kneeling, stooping, crouching, and crawling; and the work must avoid concentrated exposure to pulmonary irritants, including dusts, gasses, fumes, odors, and poor ventilation.

(Tr. 12). With the help of a vocational expert (VE), the ALJ determined Plaintiff was capable of performing her past relevant work as a security guard, which he found did not require the performance of work related activities precluded by the Plaintiff's RFC. (Tr. 16). Alternatively, the ALJ determined that there were other jobs Plaintiff could perform, such as cashier, mail clerk, and hand packager. (Tr. 17). Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on April 16, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

-2-

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

-3-

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC).  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.   Discussion:**

Plaintiff raises the following issues on appeal: 1) The ALJ improperly determined Plaintiff's RFC; 2) Plaintiff cannot return to her past relevant work or perform jobs identified by the ALJ: and 3) The ALJ wrongly found that Plaintiff engaged in SGA since her alleged onset date.  (Doc. 8).[2]

**A.   RFC Determination:**

RFC is the most a person can do despite that person's limitations.   20 C.F.R. §404.1545(a)(1).  It is assessed using all relevant evidence in the record.  Id.  This includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from

---

[2]In her reply brief, Plaintiff argues that the ALJ did not address her obesity.  (Doc. 11).

symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The ALJ found that Plaintiff could perform light work, with certain limitations.  The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision.  The Court further notes that in determining that Plaintiff could perform light work, the ALJ specifically discussed the relevant medical records, and the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions.  The Court notes that in a consultative exam report dated May 29, 2008, Dr. Randy Duane Conover found that Plaintiff was able to do all limb functions except she could only partially squat/arise from a squatting position. (Tr. 294).  He also found that Plaintiff could sit, handle, finger, see, hear and speak, and had moderate limitation in her ability to walk, stand, lift, carry, and would be hindered secondary to his diagnoses. (Tr. 296).  In a Physical RFC Assessment dated December 23, 2009, Dr. David L. Hicks found that Plaintiff could perform light work with certain postural limitations. (Tr. 368).

The ALJ also observed Plaintiff's conflicting statements, and stated the reasons for discounting the credibility of Plaintiff's subjective complaints.

-5-

The Court finds, based upon the foregoing as well as the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and based upon the record as a whole, there is substantial evidence to support the ALJ's RFC determination.

**B.    Whether Plaintiff can return to past relevant work:**

The ALJ submitted interrogatories to the VE, and asked her to list the skill level and exertion level of the security guard position as performed by Plaintiff, based on the information provided by Plaintiff. (Tr. 253). In response, the VE reported that the position of security guard was light/SVP 3. (Tr. 253). In response to the ALJ's second hypothetical, which set forth Plaintiff's limitations, the VE concluded that Plaintiff would be able to perform her past relevant work as a security guard, as performed by her or as commonly performed. (Tr. 255).

The Court finds there is substantial evidence to support the ALJ's comclusion that Plaintiff can return to her past relevant work, and based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit. There is sufficient evidence to support the ALJ's finding that Plaintiff's RFC was consistent with the physical and mental demands of her past work as a security guard.

**C.    Whether Plaintiff Engaged in SGA since her alleged onset date:**

The ALJ concluded that Plaintiff engaged in substantial gainful activity from April 8, 2008, through October 30, 2009. (Tr. 11). He also found that Plaintiff continued to work below the substantial gainful activity level until June 18, 2010. (Tr. 11). Nevertheless, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from April 8, 2008, her original onset date, through the date of the decision. (Tr. 17). Therefore, the Court finds Plaintiff's argument to be without merit.

-6-

**D.**     **Obesity:**

In her reply brief, Plaintiff argues that the ALJ did not address Plaintiff's obesity. Plaintiff did not raise this issue in her original brief.  Nor did Plaintiff list obesity in her application. Finally, there is no indication in the medical records that Plaintiff's obesity impacted her ability to function in the workplace.  Therefore, the Court finds Plaintiff's argument on this issue to be without merit.

**IV.**     **Conclusion:**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 20th day of August, 2013.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)